UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC ROGOZIENSKI and KIMBERLY ROGOZIENSKI, husband and wife, <br><br> vs. <br><br> KING COUNTY, a municipal subdivision of State of Washington, <br><br> Defendant. | Case No.: <br><br><br> **Complaint** |

Plaintiffs Eric Rogozienski and Kimberly Rogozienski allege as follows:

### Introduction

1. King County enlists private companies to provide high-powered aerial photography and gives numerous employees and others unrestricted access to pry into Plaintiffs' private lives and spy on their activities on their own private land which Plaintiffs have attempted to shield from public view. King County's

COMPLAINT - 1

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

use of this high-powered aerial photography and detailed spatial imaging violates the prohibition on unreasonable searches under the Fourth Amendment to the United States Constitution and the similar protection in Article I, Section 7 of the Washington Constitution.

## Jurisdiction and Venue

2.  This action arises under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 in relation to Defendant's deprivation of Plaintiff's constitutional rights. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the claims asserting violations of the Washington Constitution pursuant to 28 U.S.C. § 1367(a). This Court has authority to award the requested declaratory relief pursuant to 28 U.S.C. § 2201; the requested injunctive relief pursuant to 28 U.S.C. § 1343(a); and attorneys' fees and costs.

3.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), because Defendant King County is located within this district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

4.  Plaintiffs Eric Rogozienski and Kimberly Rogozienski, husband and wife, are natural persons who reside and through their wholly owned limited liability company, A Mind Your Own Business Company LLC, own property within King County in the State of Washington.

COMPLAINT - 2

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

5.  Defendant King County is a municipal subdivision of the State of Washington.

## FACTUAL ALLEGATIONS

6.  Plaintiffs own and reside in a home on 20 acres of land in unincorporated King County near the City of Carnation.

7.  The perimeter of Plaintiffs' property is heavily wooded which shields all open space on their property from public view. Plaintiffs highly value their privacy.

8.  Having moved from Seattle, Plaintiffs sought a place where they could grow their own vegetables and flowers and raise their family with the first hand understanding that food comes from plants that need to be planted, tended and harvested rather than from grocery stores, wrapped in plastic.

9.  As part of this chosen lifestyle, Plaintiffs turned existing lawn to flower, herb, and vegetable gardens on their property.

10. In 2023, King County enforcement officer, Holly Sawin, came to Plaintiffs' property and asked to view the property related to a complaint. Plaintiff Kimberly Rogozienski allowed Ms. Sawin to inspect the property. After the inspection, Ms. Sawin concluded that Plaintiffs had simply added gravel to a gravel driveway and that there was no violation of King County's codes.

11. In December of 2023, Plaintiffs received a letter from King County accusing them of violating King County's land use codes. That letter received by

COMPLAINT - 3

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

Plaintiffs included an aerial photograph of their property designated as "Nearmap aerial of subject parcel date 7-24-2024."

12. Nearmap is a company that provides aerial surveillance data to King County.

13. Upon inquiry to King County, King County claimed that it does not know where the Nearmap image originated from.

14. The date referenced in the aerial photograph included with the December 2023 enforcement letter is incorrect because 2024 is in the future from the time the enforcement letter was sent in 2023.

15. Additionally, this aerial photograph does not accurately depict the conditions on the ground on 7-24-2023. Rather, the photo depicted conditions on the ground on 7-25 or 7-26 of 2022.

16. Audit logs of the imagery reveal that King County personnel reviewed photographs of Plaintiffs' property at least as early as August of 2023. King County gave numerous employees access to electronic surveillance including aerial photographs. Specifically, King County employee Holly Sawin used electronic photographic surveillance of Plaintiffs and their private property without notifying Plaintiffs or obtaining Plaintiffs' consent.

17. King County has hired and continues to hire a private company, Eagleview, to provide detailed aerial photography of Plaintiffs' property, including oblique photographs providing a 3-dimentional view of private spaces on Plaintiffs' property.

COMPLAINT - 4

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

18. According to Eagleview data audit logs, Holly Sawin accessed Eagleview aerial photographs of Plaintiffs' property on the following dates:

> 2023-08-16
> 2023-08-21
> 2023-08-25
> 2023-08-28
> 2023-09-28
> 2023-11-06
> 2023-11-07
> 2023-11-14
> 2023-11-16
> 2023-11-28
> 2023-12-21
> 2024-03-12
> 2024-03-14
> 2024-03-26
> 2024-03-28
> 2024-05-02
> 2024-05-03

19. On April 30, 2023, a plane operated by an Eagleview subcontractor flew 17 paths over the general vicinity of Plaintiffs' property in a general north/south direction. This was a systematic recording of images of Plaintiffs' property.

20. In the code enforcement process, King County' used aerial imagery data where it contracts with private companies to provide it with high-resolution orthogonal, oblique, and near infrared imagery with 3-inch resolution over urban areas and 6-inch resolution over rural areas.

21. Plaintiffs believed that replacing lawn with flower, herb, and vegetable gardens did not require a grading permit under King County code. They engaged counsel to work on their response to King County's December 2023 enforcement letter.

COMPLAINT - 5

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

22. On July 3, 2024, Plaintiffs filed a code interpretation request with King County's Permitting Division of the Department of Local Services for an interpretation of the scope of the "maintenance of lawns, landscaping and gardening for personal use" exemption from the grading permit requirements in KCC 16.82.051.

23. The code interpretation was issued on August 28, 2024, by the Director, Permitting Division, Department of Local Services, Jim Chan. The code interpretation concluded that replacing a lawn with a vegetable garden would be exempt from the permit requirements—subject to conditions—as "maintenance of lawns, landscaping and gardening for personal use."

24. Thereafter, the code enforcement matter addressed in the December 2023 letter was closed.

25. King County makes some of the imagery it obtains from Eagleview available to other government agencies for a price.

26. King County also has access to laser imaging, detection and ranging (LIDAR) data which provides detailed spatial imaging of Plaintiffs' private property.

27. This aerial photography and LIDAR data reveals an unreasonable amount of information about Plaintiffs and their private activities on their private property.

COMPLAINT - 6

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

28. The aerial photography purchased by King County allows it to observe and monitor the activities of Plaintiffs, their children and invitees while they are on Plaintiffs' property.

29. King County's acquisition of high-powered aerial photography and LIDAR data is pursuant to municipal policy. King County has contractual arrangements with private companies designed to give it this information. Plaintiffs have communicated with numerous King County elected officials and appointed officials with authority over the collection and use of the intrusive data, including members of the King County Council's Committee for Accountability Compliance, King County's Director of Information Technology Services, King County's Director of Geographic Information System, King County's Director of Spatial Services and King County's Director for Permitting Division of Department of Local Services, about the intrusive nature of the high-powered aerial photography on several occasions in 2023 and 2024, but King County continues regularly to obtain and use such information.

30. The high-powered photographs and LIDAR data obtained by King County are available to and reviewed by numerous King County personnel, including people in the Department of Local Services, Permitting Division, Code Enforcement, and the King County Sheriff's Office, both of which have law enforcement authority.

COMPLAINT - 7

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

31. King County's minimal restrictions on employee use of the unreasonably intrusive data is insufficient to protect Plaintiffs from unreasonable disclosure or use by persons other than Plaintiffs.

### First Claim for Relief
### (Violation of the Fourth Amendment to the United States Constitution)

32. Plaintiffs incorporate herein by reference each allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

33. The Fourth Amendment to the United States Constitution, provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

34. In purchasing, acquiring and County personnel viewing the imagery, King County has undertaken an unreasonable search of Plaintiffs' property. Every time King County personnel look at the imagery showing Plaintiffs' property, King County searches Plaintiffs' property.

35. These actions constitute a search because Plaintiffs' property includes the private space outside of the building which constitutes their home (sometimes referred to as "curtilage") and Plaintiffs have taken efforts to keep their property private and unavailable to public view. Plaintiffs have a reasonable expectation of privacy in their property that no one, except the people they invite to their property at the time and circumstances of Plaintiffs' choosing, will be able to see them, their activities or their possessions on their property.

COMPLAINT - 8

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

36. The imagery to which Plaintiffs object comes from data sensing equipment and post processing techniques that results in such high resolution that it is not available to the average person. The bulk capture of high-resolution photos and LIDAR data require industrial grade surveillance equipment not in common public use.

37. The technological devices used to capture images of Plaintiffs' property from the area are not in general public use.

38. Plaintiffs seek to safeguard their privacy and security against arbitrary invasions sponsored by government officials. Subjection to airborne spying for the government is not a risk one should be forced to assume in a free and open society.

39. The imagery acquired and used by King County is invasive because of modern technology which discloses to the viewer's sight those intimate associations, objects or activities otherwise imperceptible to others.

40. The perimeter of Plaintiffs' property is heavily-wooded which is view-obscuring so that no one situated off Plaintiffs' property can view the back of their house or their backyard. At the front of their house, there is only a curved driveway which does not allow passersby on the street to view the street-facing portion of their home. The home, fence and other vegetation completely blocks the view of the yard on all sides of their home. Plaintiffs have sought to keep most of their property private and to exclude observation by anyone not invited by them.

COMPLAINT - 9

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

41. Plaintiffs cannot block off all conceivable aerial observation of their property without giving up their enjoyment of the area by effectively encasing it.

42. King County uses high-powered optics focused on the private space outside Plaintiffs' home without a warrant. This constitutes a search under the Fourth Amendment and is unreasonable.

43. The imagery King County acquires and its personnel regularly view can reveal intimate details of life that Plaintiffs and other persons may wish to keep private.

44. Plaintiffs' yard may unavoidably be exposed to casual glances from passing aircraft, but they still reasonably assume that their backyard will not be intently examined by government agents engaged in or who sponsor systematic surveillance by aircraft armed with high-powered photographic equipment gathering data about Plaintiffs and their property.

45. The images that King County acquires and views include images of people in their backyards.

46. King County's practice may have a chilling effect on more than just illegal activity. Aerial observation at the level of detail acquired and used by King County might capture an unflattering photo of a person in a swimsuit, or nude sunbathing, expression of religious devotion, or political gathering or a birthday party or hosting persons camping in tents. The mere knowledge that the government can acquire these kinds of detailed observations without a warrant

COMPLAINT - 10

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

Case 2:25-cv-01025-JNW    Document 2    Filed 05/30/25    Page 11 of 17

may discourage people from using their property to live their private lives in their own backyards as they wish.

47. The combination of overhead flight giving King County a preferential vantage point and high-powered optical capabilities allows King County to see enough detail of a person's private life just outside the home to corrode Plaintiffs' sense of security and privacy.

48. Plaintiffs have a reasonable expectation of privacy from purposeful government surveillance of their backyard from the air without a warrant supported by evidence of probable cause to believe a crime is being or has been committed.

49. In taking all such actions complained of herein, King County has acted under color of statute, ordinance, regulation and policy of the county. King County's conduct has deprived Plaintiffs of the rights, privileges, and immunities secured by the United States Constitution, including Plaintiffs' right to be secure against unreasonable searches.

50. Plaintiffs have no adequate remedy at law to prevent or redress the irreparable injuries alleged herein.

51. Unless King County is enjoined and restrained from acquiring and using high-powered aerial photography that gives an opportunity to visually search Plaintiffs' property otherwise not visible to persons not invited onto their property, Plaintiffs will be irreparably injured. King County will continue to

COMPLAINT - 11

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

deprive Plaintiffs of their rights guaranteed under the United States Constitution and will continue to suffer substantial loss.

52. King County is a person potentially liable under 42 U.S.C. § 1983.

53. King County's actions challenged herein were undertaken under color of state law.

54. The County's conduct has required Plaintiffs to incur attorneys' fees and costs of suit to bring this action, and Plaintiffs are entitled to attorneys' fees and costs under 42 U.S.C. § 1983 *et seq.* and 42 U.S.C. § 1988(b).

### Second Claim for Relief
**(Declaratory Relief as to the Constitutionality of KCC 16.82.030 under the Fourth Amendment)**

55. Plaintiffs incorporate herein by reference each allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

56. King County adopted KCC 16.82.030 which reads as follows:

The director is authorized to enforce the provisions of this chapter.

A. The director is authorized to make such inspections and take such actions as may be required to enforce the provisions of this chapter.

B. Whenever necessary to make an inspection to enforce any of the provisions of this chapter, or whenever the director has reasonable cause to believe that any land, building, structure, premises, or portion thereof is being used in violation of this chapter, the director may enter such land, building, structure, premises, or portion thereof at all reasonable times to inspect the same or perform any duty imposed upon the director by this chapter; provided, that if such building, land, structure, premises or portion thereof is occupied, the director shall first present proper credentials and demand entry; and if such land, building, structure, premises, or portion thereof be unoccupied, the director shall first make a reasonable effort to locate the owner or other persons having charge or control of the land, building, structure, premises, or portion thereof and demand entry.

COMPLAINT - 12

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

No owner or occupant or any other person having charge, care or control of any building, land, structure, premises, or portion thereof shall fail or neglect, after proper demand, to promptly permit entry thereon by the director for the purpose of inspection and examination pursuant to this chapter. Any person violating this subsection is guilty of a misdemeanor.

57. The phrase "this chapter" in KCC 16.82.030 is entitled "Clearing and Grading." That chapter requires permits for clearing or grading under KCC 16.82.050 unless excepted under KCC 16.82.050, 051. "'Grading' means any excavating, filling or land-disturbing activity, or combination thereof." KCC 16.82.020(O). "'Clearing' means the cutting, killing, grubbing or removing of vegetation or other organic material by physical, mechanical, chemical or any other similar means." KCC 16.82.020(D).

58. Plaintiffs engaged in clearing and grading, although their actions were exempt from the permit requirements. Plaintiffs intend to do further grading and clearing which is either exempt or, if permits are necessary, with issued permits.

59. Nevertheless, having experienced a surprise visit by King County staff involved in code enforcement, they fear that County personnel armed with this unconstitutional code provision will demand to inspect their property again.

60. Regarding the right of entry provided by Title 23, KCC 23.02.110 requires

strict conformity with constitutional and statutory constraints on entry and the holdings of relevant court cases regarding entry. The right of entry granted by this title shall not supersede those legal constraints. The director is authorized to enter upon any property for the purpose of administering this title only if entry is consistent with the constitution and laws of the United States and state of Washington. If required by the

COMPLAINT - 13

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

constitutions and laws of the United States or the state of Washington, the director shall apply to a court of competent jurisdiction for a search warrant authorizing access to property for the purpose of administering this title. The court may upon such application issue the search warrant for the purpose requested.

61. While King County recognizes that a right of entry is a search that raises the need for a search warrant, it has limited this provision to right of entry provided by Title 23. The authority for the demand to enter private property at issue in this case is purportedly authorized by Title 16, not Title 23.

62. Plaintiffs seek a declaratory judgment of rights and obligations under the Civil Rights Act, 42 U.S.C. Section 1983, Washington Uniform Declaratory Judgment Act, Chapter 7.24 RCW and 28 U.S.C. Section 2201 as to the allegations above. An actual dispute exists between Plaintiffs and the County whose interests are genuinely opposing in nature. These disputed interests are direct and substantial. Judicial determination can provide a final and conclusive resolution as to the parties' rights and responsibilities.

### Third Claim for Relief
### (Violation of Article I, Section 7 of the Washington Constitution)

63. Plaintiffs incorporate herein by reference each allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

64. Article I, Section 7 of the Washington Constitution provides "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

COMPLAINT - 14

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

65. Plaintiffs have been disturbed in their private affairs by King County's use of high-powered surveillance aerial photography and LIDAR imagery data.

66. King County's use of high-powered surveillance aerial photography and LIDAR imagery data was without authority of law because it was not pursuant to the issuance of a search warrant by a neutral magistrate.

67. Under Washington state law, a search warrant cannot issue based on probable cause that a civil infraction occurred, but only probable cause to believe that a crime occurred.

68. King County's search of Plaintiffs' property was not pursuant to any warrant.

69. Prior to searching Plaintiffs' property, King County had no evidence supporting probable cause to believe a crime occurred.

70. Plaintiffs and King County have a genuine dispute regarding whether King County's use of high-powered surveillance aerial photography and LIDAR imagery data violates Article I, Section 7 of the Washington Constitution.

71. Plaintiffs seek a declaratory judgment of rights and obligations under the Washington Uniform Declaratory Judgment Act, Chapter 7.24 RCW and 28 U.S.C. Section 2201 as to the allegations above. An actual dispute exists between Plaintiffs and the County whose interests are genuinely opposing in nature. These disputed interests are direct and substantial. Judicial determination can provide a final and conclusive resolution as to the parties' rights and responsibilities.

COMPLAINT - 15

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

**Requested Relief**

WHEREFORE, Plaintiffs request that this Court:

1.  Issue a declaratory judgment that King County has violated the Fourth Amendment to the United States Constitution's prohibition on unreasonable searches and violated Article I, Section 7 of the Washington Constitution on invasion of private affairs;

2.  Award damages, even if only nominal damages, for the violation of Plaintiffs' civil rights under 42 U.S.C. Sections 1983 and 1988;

3.  Issue a declaratory judgment that KCC 16.82.030 violates the Fourth Amendment and Article I, Section 7 of the Washington Constitution to the extent it authorizes King County officials to enter and inspect private property without a warrant issued by a neutral magistrate based on probable cause to believe a crime occurred and without any other judicially recognized exceptions to the warrant requirement of the Fourth Amendment;

4.  Award Plaintiffs their costs and reasonable attorneys' fees and costs incurred in this action pursuant to 42 U.S.C. § 1988 and other applicable law; and

5.  Grant all other such relief to Plaintiffs as the Court may deem proper and just.

Dated this 30th day of May 2025

COMPLAINT - 16

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206

*/s/ Richard M. Stephens*

Richard M. Stephens, WSBA 21776
Charles A. Klinge LLP WSBA 26903


Stephens & Klinge LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA  98004
425-453-6206
stephens@sklegal.pro


Michele Earl-Hubbard, WSBA 26454
Allied Law Group
P.O. Box 33744
Seattle, WA 98133
206-801-7510
michele@alliedlawgroup.com

COMPLAINT - 17

STEPHENS & KLINGE LLP
10900 NE 4th Suite 2300
Bellevue, WA 98004
425-453-6206