UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC ROGOZIENSKI and KIMBERLY ROGOZIENSKI, husband and wife,,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY,<br><br>Defendant. | CASE NO. 2:25-cv-01025-JNW<br><br>DISMISSAL ORDER |

This matter comes before the Court on Defendant King County's motion for judgment on the pleadings as to Plaintiffs' Second Claim for Relief. Dkt. No. 17. Having reviewed the motion, Plaintiffs Eric and Kimberly Rogozienski's opposition, Dkt. No. 21, the reply, Dkt. No. 22, and all other supporting materials, the Court GRANTS the motion and dismisses the Second Claim for Relief without prejudice and with leave to amend.

DISMISSAL ORDER - 1

# 1. BACKGROUND

The following facts are drawn from Plaintiffs' Complaint, Dkt. No. 2, and are accepted as true for purposes of this motion. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

## 1.1 King County Code 16.82.030.

KCC 16.82 "regulate[s] clearing and removal of vegetation, excavation, grading and earthwork construction . . . within King County in order to protect public health, safety and welfare," and "establishes the administrative procedure for issuance of permits, provides for approval of plans and inspection of clearing and grading operations, and provides for penalties" for violations of the chapter. KCC 16.82.010. KCC 16.82.030, the provision in dispute here, authorizes certain county officials to enforce the chapter as follows:

> A. The director is authorized to make such inspections and take such actions as may be required to enforce the provisions of this chapter.
> B. Whenever necessary to make an inspection to enforce any of the provisions of this chapter, or whenever the director has reasonable cause to believe that any land, building, structure, premises, or portion thereof is being used in violation of this chapter, the director may enter such land, building, structure, premises, or portion thereof at all reasonable times to inspect the same or perform any duty imposed upon the director by this chapter; provided, that if such building, land, structure, premises or portion thereof is occupied, the director shall first present proper credentials and demand entry; and if such land, building, structure, premises, or portion thereof be unoccupied, the director shall first make a reasonable effort to locate the owner or other persons having charge or control of the land, building, structure, premises, or portion thereof and demand entry.
> No owner or occupant or any other person having charge, care or control of any building, land, structure, premises, or portion thereof shall fail or neglect, after proper demand, to promptly permit entry thereon by the director for the purpose of inspection and examination

DISMISSAL ORDER - 2

pursuant to this chapter.  Any person violating this subsection is guilty of a misdemeanor.

KCC 16.82.030.

**1.2     Plaintiffs' encounters with county code enforcement.**

Plaintiffs Eric and Kimberly Rogozienski own and reside in a home on 20 acres of property in unincorporated King County. Compl. ¶¶ 4, 6. They sought out the property, which is heavily wooded along the perimeter and hidden from public view, for privacy and to grow their own vegetables. *Id.* ¶¶ 7–8. Sometime before 2023, Plaintiffs converted a lawn on their property to flower, herb, and vegetable gardens. *Id.* ¶ 9.

In December 2023, Plaintiffs received a letter from King County alleging that they had violated KCC 16.82 by replacing the lawn without a grading permit. *Id.* ¶ 11, 21. After Plaintiffs sought a code interpretation, the County's permitting division closed the enforcement matter, concluding that Plaintiffs' activities—replacing a lawn with a vegetable garden—were exempt from the permit requirements as a "maintenance of lawns, landscaping and gardening for personal use" under KCC 16.82.051. *Id.* ¶¶ 21–24.

Plaintiffs were alarmed by some of the information contained in the December 2023 letter. *Id.* ¶¶ 1, 4, 7, 28. King County's enforcement processes use aerial imagery provided by private companies, including Nearmap and Eagleview. *Id.* ¶¶ 11, 17. The December 2023 letter included a photograph identified as a "Nearmap aerial of subject parcel date 7-24-2024," which depicted the state of Plaintiffs' property in July 2022. *Id.* ¶¶ 12–15. A plane operated by an Eagleview

DISMISSAL ORDER - 3

subcontractor flew over the vicinity of Plaintiffs' property seventeen times on April 30, 2023, taking pictures. *Id.* ¶ 19. These aerial photographs, along with Laser imaging, detection, and ranging ("LIDAR") data, are available to King County personnel in the Department of Local Services, Permitting Division, Code Enforcement, and the King County Sheriff's Office with minimal restrictions. *Id.* ¶¶ 26, 30–31. One King County code enforcement employee, Holly Sawin—who had visited Plaintiffs' property in 2023 for an inspection related to a separate code complaint—accessed Eagleview photographs of Plaintiffs' property seventeen times between August 2023 and May 2024. *Id.* ¶¶ 11, 17–18.

### 1.3    This lawsuit.

Plaintiffs filed this action on May 30, 2025. *See* Compl. They seek declaratory judgments that: (1) King County's surveillance activities violate the Fourth Amendment's prohibition against unreasonable searches; (2) KCC 16.82.030 is facially unconstitutional because it allows code enforcement officials to inspect property without a warrant; and (3) King County's surveillance activities violate the Washington Constitution's prohibition against invasion of private affairs. *Id.* at 8–16.

Defendant now moves for judgment on the pleadings on the second claim for relief. Dkt. No. 17.[1]

---

[1] Defendant has also moved for judgment on the pleadings as to Claims One and Three. Dkt. No. 23.

DISMISSAL ORDER - 4

## 2.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011*)*. Courts apply the same standard to both. *See Chavez*, 683 F.3d at 1108.

To survive a motion for judgment on the pleadings, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555. Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible. *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. But all inferences reasonably drawn from the facts must be construed in favor of the responding party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) ("We must accept all factual allegations

in the complaint as true and construe them in the light most favorable to the non-moving party.").

## 3.  DISCUSSION

Defendant offers two grounds for judgment on the Second Claim for Relief. First, it claims that Plaintiffs lack standing to bring their constitutional challenge. Dkt. No. 17 at 4–10. Second, it argues in the alternative that Plaintiffs cannot show KCC 16.82.030 is unconstitutional in all of its applications. *Id.* at 10–16. The Court address each argument in turn.

### 3.1    Plaintiffs lack standing to challenge the constitutionality of KCC 16.82.030.

Defendant argues that Plaintiffs lack the standing necessary to challenge the constitutionality of KCC 16.82.030. Dkt. No. 17 at 4–10. The Court agrees.

To invoke the Court's jurisdiction under Article III, a "plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997). Standing requires "(1) … an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, (2016), *as rev'd* (May 24, 2016).

Defendant's argument turns on the first element: injury in fact. To show an injury in fact, a plaintiff must show "that he suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561 (1992)).

DISMISSAL ORDER - 6

Put plainly, "[n]o concrete harm, no standing." *Id.* at 417. Plaintiffs identify no such injury arising from the statute they challenge.

A concrete injury is one that "actually exist[s]," meaning that it is "real, and not abstract." *Spokeo*, 578 U.S. at 340. Plaintiffs' Second Claim for Relief alleges that they "experienced a surprise visit by King County staff involved in code enforcement," Compl. ¶ 59, which appears to reference Sawin's inspection in 2023, *id.* ¶ 10. But Plaintiffs fail to allege that Sawin's inspection—or any of Defendant's actions for that matter—was made under the specific authority of KCC 16.82.030. *See, e.g.*, Compl. ¶ 11 (alleging that Plaintiffs "received a letter from King County accusing them of violating King County's land use codes."). "As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing . . . for each claim." *TransUnion* 594 U.S. at 430–31. As pleaded, the alleged injury is unrelated to the statute which Plaintiffs now seek to declare unconstitutional, and therefore they have not shown that they have standing to pursue their Second Claim for Relief.

Furthermore, Plaintiffs cannot show they are in danger of suffering imminent harm at the hands of KCC 16.82.030. While "imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes[.]" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Lujan*, 504 U.S. at 565 n.2). Thus, a "threatened injury must be *certainly impending* to constitute injury in fact," and mere "allegations of *possible* future injury are not sufficient." *Clapper*, 568 U.S. at 409 (emphasis in original) (quotation omitted). The only allegation of imminent

DISMISSAL ORDER - 7

harm due to KCC 16.82.030 is Plaintiffs' "fear" that they will face a demand for property inspection in the future. Compl. ¶ 59. Like in *Clapper*, this fear is mere speculation and assumption as to whether Defendants will use KCC 16.82.030's inspection mechanisms in the future. The Complaint itself makes this seem particularly unlikely: Plaintiffs admit that they "intend to do further grading and clearing which is either exempt . . . or with issued permits," i.e., in compliance with the King County Code. Compl. ¶ 58; *see also* Dkt. No. 21 at 8–9 ("The Rogozienskis are not challenging a law that they intend to violate."). Because the alleged injury in fact is not imminent, Plaintiffs lack standing to pursue their Second Claim for Relief on this basis as well.

Plaintiffs argue that Defendant "searched, and continues to search, [their] property from the air," and then "used the results of [those] searches to assume the Rogozienskis violated [KCC 16.82]," which "authorize[s] warrantless searches" under .030. Dkt. No. 21 at 2. They also argue that their code violation was issued because of that aerial search, which forced them to spend money to seek a code interpretation and subject them to higher future penalties. *Id.* at 7–8. But these allegations do not appear in the Complaint and therefore the Court cannot consider them. *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citations omitted).

Because Plaintiffs fail to show an injury in fact that can satisfy the requirements of Article III standing, the Court GRANTS Defendant's motion as to

DISMISSAL ORDER - 8

Claim Two. Because standing is "the threshold question in every federal case," *Warth v. Seldin*, 422 U.S. 490, 498 (1975), the Court declines to address Defendant's arguments as to whether Plaintiffs mount a successful facial challenge to the statute.

### 3.2    Plaintiffs are given leave to amend.

Plaintiffs ask that should Defendant prevail, they be given leave to amend their complaint. Dkt. No. 21 at 16. "[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend . . . and to simply grant dismissal of the action instead of entry of judgment." *Dannan v. City of Yakima*, No. 1:24-CV-03111-MKD, 2025 WL 2346884, at *2 (E.D. Wash. Aug. 13, 2025) (quoting *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004)); *see also Sec. & Exch. Comm'n v. Payward, Inc.*, 763 F. Supp. 3d 901, 907 (N.D. Cal. 2025) ("A court has discretion to permit leave to amend in conjunction with a Rule 12(c) motion and may dismiss causes of action rather than grant judgment."). The Court finds that leave to amend is proper to allow Plaintiffs to address the jurisdictional flaws addressed above. Separately, the Court notes that amendment of the Complaint may address several—but not all—of the arguments raised by Defendant as to Plaintiffs' First and Third Claims. *See* Dkt. No. 23.[2]

---

[2] Generally, "an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). "'Courts often apply this rule to motions to dismiss a complaint that has since been superseded and deny such motions as moot.'" *Dahlstrom v. Life Care Centers of Am.*,

DISMISSAL ORDER - 9

## 4. CONCLUSION

In sum, the Court GRANTS the motion, Dkt. No. 17, and DISMISSES Plaintiffs' Second Claim WITHOUT PREJUDICE. Plaintiffs are granted LEAVE TO AMEND and must file an amended complaint within twenty-one (21) days of this Order.

Dated this 9th day of June, 2026.

Jamal N. Whitehead
United States District Judge

---

*Inc.*, No. 2:21-CV-01465-JHC, 2022 WL 7631419, at *1 (W.D. Wash. Oct. 13, 2022) (quoting *Bisson v. Bank of Am., N.A.*, No. C12-0995-JLR, 2012 WL 5866309, at *1 (W.D. Wash. Nov. 16, 2012)). Should Plaintiffs timely amend their complaint, Defendant's motion for judgment on the pleadings, Dkt. No. 23, will be moot.

DISMISSAL ORDER - 10